UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRAYTON,<br><br>                              Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br>COMMITTEE OF BAR EXAMINERS et al.,<br><br>                             Defendants. | Case No.: 17-CV-2336-CAB-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 7] |

This matter is before the Court on a motion to dismiss filed by Defendants State of California Committee of Bar Examiners Subcommittee on Examinations (the "Committee"), and Lisa Cummins, Patrick Dixon, and Floyd Chapman, Chairpersons (the "Individual Defendants"). Plaintiff Maurice Grayton, appearing *pro se*, filed an opposition to the motion, and the Court deems it suitable for submission without oral argument. The motion is granted.

**I.    Background**

Applicants to the California bar who do not attend law schools accredited by the American Bar Association are required to pass the First Year Law Students Exam ("FYLSE"). Grayton took the 2016 FYLSE but did not pass. The complaint contains several explanations for why Grayton did not pass the exam, including: (1) a malfunction of the test-taking software on Grayton's personal computer; (2) the inclusion of an improper criminal procedure question; and (3) that Defendants improperly engaged a

psychometrician to determine how to adjust the grades on the criminal procedure question leading to all test-takers receiving a 100 score on that question which allegedly resulted in the remaining three exam questions being graded more stringently to maintain an 80% failure rate. The complaint also alleges that Grayton is disabled, but it admits that he received a reasonable accommodation of time and a half to complete the test.

After receiving his failing score, Grayton asked Defendants to waive the FYLSE requirement, and Defendants refused. Following this refusal, Grayton filed a lawsuit in this Court, but he subsequently dismissed the lawsuit after Defendants moved to dismiss, stating that he intended to petition the California Supreme Court. *See* Doc. No. 12 in Case No. 17cv445-CAB-JMA. On September 20, 2017, the California Supreme Court denied Grayton's petition for a writ of mandate. [Doc. No. 7-3 at 94.][1] Grayton then filed the instant lawsuit with a complaint that is virtually identical both to his prior complaint here and to his petition to the California Supreme Court. [Doc. No. 7-3 at 21-51, 55-91.] The complaint asserts nine claims[2] and the prayer for relief seeks a waiver of the FYLSE requirement along with general, consequential, and punitive damages arising out of Defendants' actions related to the administration and grading of the FYLSE and their refusal to grant Grayton a waiver.

## II. The *Rooker-Feldman* Doctrine

Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates

---

[1] Defendants request judicial notice of several documents, including Grayton's petition to the California Supreme Court and the order denying that petition. Grayton did not oppose the request, and the Court finds the documents appropriate for judicial notice. Accordingly, Defendants' request is granted.

[2] The claims are: (1) breach of contract; (2) negligence; (3) negligent training, retaining, disciplining, supervising, managing, directing and controlling; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) unjust enrichment; (7) violation of 42 U.S.C. § 1983 and the California Civil Rights Act (Cal. Civ. Code § 50-51); (8) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; and (9) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). "The Supreme Court has recognized that the doctrine is especially appropriate when applied to a state's regulation of its own bar." *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998). Thus:

> Lower federal courts lack subject matter jurisdiction over [a state supreme court's denial of bar admission to a particular applicant], even if unconstitutional action by the state is alleged, because exercising jurisdiction would involve the review of a final judicial decision of the highest state court in a particular case. Orders of a state court relating to the admission of an individual to the state bar may be reviewed only by the United States Supreme Court on writ of certiorari to the state court, and not by means of an original action in a lower federal court.

*Id.* (internal citations omitted). Here, Grayton's complaint is a *de facto* appeal of the California Supreme Court's denial of his petition for writ of mandate. Indeed, the complaint is virtually identical the Grayton's petition to the California Supreme Court. [Doc. No. 7-3 at 55.] Grayton is asking this Court to review the California Supreme Court's denial of his petition, and all of the injuries alleged arise from that denial. Only the United States Supreme Court may undertake this review. This Court lacks jurisdiction.

### III. Disposition

Defendants' motion to dismiss based on the *Rooker-Feldman* doctrine is **GRANTED**. The complaint is **DISMISSED** without leave to amend in this Court, but without prejudice to re-filing in state court.

It is **SO ORDERED**.

Dated: February 27, 2018

Hon. Cathy Ann Bencivengo
United States District Judge